# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| John Edwards<br>303 Ross Ave.<br>Independence, MO 64056<br><br>　　　　Plaintiff,<br><br>v.<br><br>ER Solutions, Inc.<br>c/o Steven J. Hunter, Registered Agent<br>800 SW 39th St<br>PO Box 9004<br>Renton, WA 98057<br><br>　　　　Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT<br>COLLECTION PRACTICES ACT,<br>INVASION OF PRIVACY,<br>AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. In or around early July 2007, Defendant telephoned Plaintiff's ex-wife and asked for Plaintiff's location information.

9. On or around July 10, 2007, Defendant telephoned Plaintiff's place of employment and spoke to Plaintiff.

10. During this communication, Plaintiff informed Defendant that Plaintiff was not permitted to receive personal phone calls at work and requested that Defendant refrain from calling him at work in the future.

11. Despite this notice, Defendant telephoned Plaintiff at Plaintiff's place of employment on numerous occasions in or around July and August 2007.

12. Defendant also telephoned Plaintiff's residence on several occasions in July and August 2007.

13. On or around August 2, 2007, Defendant telephoned Plaintiff's friend, Jason Mayes, and disclosed Plaintiff's debt.

14. On or around August 9, 2007, Defendant telephoned Plaintiff at Plaintiff's place of employment on a line that was used strictly for emergencies.

15. During this communication, Plaintiff reiterated the above notice and informed Defendant that Plaintiff could get fired if Defendant continued to call Plaintiff at work.

16. Despite Plaintiff's repeated notices, Defendant telephoned Plaintiff at Plaintiff's place of employment on or around August 15, 2007.

17. In or around late August or early September 2007, Defendant again telephoned Plaintiff's ex-wife in an effort to collect the debt, despite already having Plaintiff's location information.

18. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

19. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

### Invasion of Privacy by Intrusion upon Seclusion

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

30. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

31. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

32. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

33. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

34. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

35. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: /s/ Charice Holtsclaw
    Charice Holtsclaw
    Bar # 57772
    Attorney for Plaintiff
    1125 Grand, Suite 916
    Kansas City, MO 64106
    Telephone: 866-339-1156
    Email: chh@legalhelpers.com